43770070L9

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHRISTOPHER STOLLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-cv-140 |
| | ) | |
| Costco Wholesale Corporation, James Hamilton, | ) | Judge Robert M. Dow, Jr. |
| W. Craig Jelinch, Richard Galanti, Ron Galanti, | ) | Magistrate Judge Finnegan |
| Ron Vachri, Paul Moulton, Franz Lazarus, | ) | |
| John McKay, James Murphy, Joseph Portera, | ) | |
| Timothy Rose, Dennis Zook, Kenneth Denman, | ) | |
| Chris Barbarino, Jeff Erickson, Greg Killian, Matt | ) | |
| Harris, Christine Carlson, Patricio Omar Chavez, | ) | |
| **(Costco Defendants)** | ) | |
| Ronald M. Serpico, MaryAnn Paolantonio, | ) | |
| Anthony N. Abruzzo, Sonny Hicotera, Jaime | ) | |
| Angulano, Mary Ramirez Taconi, Arturo Mota, | ) | |
| Anthony J. Prignano, Village of Melrose Park, | ) | |
| Melrose Park Police Department, Sam C. Pitassi, | ) | |
| Officer Michael DeCarlo, Jr., Officer Marco Flores, | ) | |
| Damico Law | ) | |
| **(Melrose Park Defendants)** | ) | |
| Law Offices of Lisa T. Damico, Esq., Lisa T. | ) | |
| Damico, **(Damico Defendants)** | ) | |
| Lipe Lyons Murphy & Pontikis Ltd., | ) | |
| Jeffrey H. Lipe, Raymond Lyons, Jr., | ) | |
| Edward J. Murphy. Bradley C. Nahrstadt, | ) | |
| Thomas J. Pontikis **(Lipe Defendants)** | ) | |
| Attorneys, Assignees, agents John Doe's 1-thru 10, | ) | |
| Defendants. | | |

**DEFENDANTS JEFFREY H. LIPE, RAYMOND LYONS JR., EDWARD J. MURPHY,
AND THOMAS J. PONTIKIS' MOTION FOR SANCTIONS AGAINST
CHRISTOPHER STOLLER PURSUANT TO RULE 11
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Jeffrey H. Lipe, Raymond Lyons, Jr., Edward J. Murphy, and Thomas J. Pontikis (hereinafter

referred to collectively as the "Moving Defendants"), hereby move this Court for the entry of an

1

Order of Sanctions against Plaintiff Christopher Stoller, pursuant to Fed. R. Civ. P. 11(b) and in support thereof state as follows:

## I. INTRODUCTION

A Melrose Park police officer issued Plaintiff Christopher Stoller a citation for retail theft after the store security manager at a Costco Wholesale Store observed Stoller eating shrimp out of a $12 pre-made deli shrimp platter. Stoller did not have to pay the $100 fine set forth in the citation because the police officer who issued the citation inadvertently cited to the wrong municipal code provision. According to the administrative hearing officer at Stoller's citation hearing, "as far as the evidence that I have heard thus far, I believe there is sufficient evidence to support the violation. However due to the defect in the complaint, I am going to dismiss the complaint." Having avoided liability due to a technical defect in the citation, Plaintiff has elected to test his good fortune by filing a 66-page scattershot law suit seeking millions of dollars against defendants whose names Stoller pulled from the Internet.

Stoller has sued approximately 50 defendants (including 10 John Does) claiming they all violated his rights in the following ways: "(a) Violation of 42 U.S.C. 1983; arrest, (b) Violation of 42 U.S.C. 1983: detention and confinement, (c) Violation of 42 U.S.C. 1983: strip search, (d) Violation of 42 U.S.C. 1983: conspiracy, (e) Violation of 42 U.S.C. 1983: refusing or neglecting to prevent, (f) Malicious prosecution, (g) Malicious abuse of process, (h) Violation of the Ill. Civil Rights Act, (i) False Arrest and imprisonment, (j) Battery, (k) Conspiracy, (l) Intentional infliction of emotional distress." (Dkt. No. 1, p.31.) The named defendants, sued in their individual capacities, include the mayor, village clerk and entire village council of the Village of Melrose Park, and 19 employees of Costco Wholesale Corporation including Costco's chairman of the board, and its president and chief executive officer.

More importantly for the purpose of this motion, Stoller has sued the law firm of Lipe Lyons as well as the Moving Defendants, apparently because the Moving Defendants are pictured on the firm's website. The Moving Defendants have no connection whatsoever to this lawsuit. (See Declarations of the Moving Defendants attached hereto as Group Exhibit A.) This court is not a vehicle for plaintiffs to harass others by filing frivolous claims that lack any conceivable merit under the existing facts and law. *Pro se* plaintiffs are not immune from sanctions, and Stoller's *pro se* status does not provide him an unfettered license to harass the Moving Defendants or to abuse the judicial process.

II.     **PERTINENT FACTS**

**A. The Underlying Ticket and Hearing on the Ticket.**

Stoller requested an in-person hearing to contest a Village of Melrose Park compliance violation citation, number C102277, which he received on November 19, 2016. An administrative hearing on Stoller's citation was held before Administrative Hearing Officer Russell Syracuse on November 21, 2017. (The hearing transcript is attached to the complaint, Dkt. No. 1, p. 99.) Lisa Damico, of Damico Law Offices, appeared on behalf of the Village of Melrose Park. (Dkt. No. 1, p. 100.) Stoller was represented by attorneys Phillip M. Kiss and Wayne Rhine. (*Id.*) None of the Moving Defendants are alleged to have been present at the administrative hearing. The only witnesses to testify were Christine Carlson, Costco's loss prevention manager who witnessed Stoller's activities on November 19, 2016, and Michael D. DeCarlo, Jr., the Melrose Park police officer who was dispatched to the Costco on November 19, 2016, and who issued to Stoller the citation for retail theft. (*Id.*, p. 101.)

According to her sworn testimony, Carlson personally observed Stoller eating shrimp out of a pre-made deli shrimp platter. (*Id.*, p. 110.) He was eating cocktail shrimp and putting the

tails back in the platter. (*Id*. pp. 110-111.) She watched him eat about ten shrimp before disposing of the container in a trash can. (*Id*., p. 111.) Carlson continued to observe Stoller on the store's security camera system and she observed Stoller remove a pair of gloves from their packaging and place them in his left jacket pocket. (*Id*., p. 114.) After Stoller paid for a few grocery items (but not the shrimp or the gloves) and was preparing to leave the Costco, Carlson approached him and asked him to come back into the store. (*Id*., p. 119.) Stoller refused to return to the store with Carlson and he subsequently left the premises. (*Id*., p. 120.) Store management called the police and Stoller was ticketed for retail theft. Carlson testified that because of the dollar amount involved, she did not sign a criminal complaint against Stoller. (*Id*., pp. 148-149.). She testified that she instead wanted a citation to be issued for Stoller's conduct while he was on the premises. (*Id*., p. 159.) Carlson's testimony was entirely consistent with the narrative description of events she included in the Costco Wholesale Loss Prevention Report, which Carlson prepared on November 19, 2016, the same day as the occurrence. (Dkt. No 1, pp. 71-73.)

 Officer Michael DeCarlo testified that he was dispatched to the Costco Wholesale Store based on complaint of retail theft for a platter of shrimp cocktail and a pair of gloves. (*Id*., pp. 164-165.) DeCarlo further testified that he located Stoller at a nearby storage facility. (*Id*. p. 168.) DeCarlo "patted down" Stoller for officer safety and DeCarlo did not find any gloves. (*Id*. pp. 168-69.) DeCarlo issued Stoller a verbal trespass warning and a village citation for retail theft. (*Id*., p. 167.)

 At the close of the Village of Melrose Park's case in chief, Stoller's attorneys moved for a directed finding because the citation listed the wrong ordinance section. (*Id*., pp. 174-176.) According to the hearing officer, "As far as the evidence that I have heard thus far, I believe

there is sufficient evidence to support the violation. However, due to the defect in the complaint, I am going to dismiss the complaint." *Id*., p. 181.)

### B. The Allegations Against Jeffrey H. Lipe, Raymond Lyons, Jr., Edward J. Murphy, and Thomas J. Pontikis.

According to Stoller's complaint, the Moving Defendants were each "co-conspirators, conspiring with the Defendants, aiding and abetting the Defendants to maliciously prosecute Christopher Stoller." (Dkt. No. 1, pp. 18, 19, 22, and 23.) Stoller alleges that the Moving Defendants are each personally liable under "the Doctrine of Respondent Superior, the Pinkerton Theory of Liability and under the liability theory that principle/agent and partnership liability." (*Id*.) Stoller also pleads the Moving Defendants "acted with malice, fraud, gross negligence, oppressiveness, abuse of process." (*Id*.) While it is difficult to discern from the complaint the counts that are brought against the Moving Defendants, Stoller appears to allege:

- On or about November 19, 2016, the Moving Defendants conspired with the Village of Melrose Park, the Melrose Park Police Department and Lisa Damico to issue a frivolous retail theft charge against Stoller. The Moving Defendants each "gave false information and withheld vital information in connection with the retail thief [sic] charge." (Count V) (Dkt. No. 1, p. 44.).

- The Moving Defendants played an active part in the initiation of a frivolous theft charge and/or frivolous prosecution of Stoller, knowing that Stoller didn't steal any gloves and that the allegedly stolen gloves were never recovered. "Defendants recklessly caused Christine Carlson to make false statements accusing Plaintiff of stealing a glove from Costo and those statements resulted in Plaintiff's arrest for theft of a glove." (Count VII) (*Id*., p. 50)

- In Count VIII Stoller seeks damages of 1 million dollars from each and every named defendant for intentional infliction of emotional distress. (*Id*., pp. 51-52.)

- The Moving Defendants each failed to intervene on Stoller's behalf to prevent Stoller's constitutional rights from being violated. (Count XIV) (*Id*., p. 62.)

### III. APPLICABLE LAW AND ARGUMENT

Rule 11 of the Federal Rules of Civil Procedure provides that where a party files a pleading that is not reasonably based on the law or in fact or that is meant to harass, sanctions, including attorney's fees, are appropriate for the expenses incurred. *Pfeifer v. Valukas*, 17 F.R.D. 420, 422 (N.D. Ill. 1987). Imposing sanctions on either of these grounds requires an objective determination of whether a plaintiff's conduct was reasonable under the circumstances. *Pfeifer*, 17 F.R.D. at 423. A litigant's *pro se* status may be taken into account in awarding Rule 11 sanctions, but a court may award sanctions for any suit that is frivolous. *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990).

Stoller's complaint is frivolous on its face. Although the complaint sets forth a laundry list of common law and constitutional claims replete with legal citations, Stoller's inquiry into the applicable law "cannot be characterized as reasonable." See *Pfeifer*, 17 F.R.D. at 423 (finding that sanctions were warranted where a *pro se* plaintiff apparently made some general inquiry into the law, "as evidenced by the plethora of law cited by him," but plaintiff's inquiry into the law could not be fairly characterized as reasonable). The *Pinkerton* doctrine applies solely to criminal conspiracies (*Pinkerton v. the United States*, 328 640 (1946)), and the doctrine of *respondeat superior* does serve to not render employees liable for the acts of their co-employees. Moreover, Stoller does not plead that the Moving Defendants' liability is solely vicarious. He pleads without any factual underpinning that each of the Moving Defendants took

6

an active part in his malicious prosecution. Moreover, Stoller cannot support his malicious prosecution claims because the administrative hearing officer dismissed the citation against Stoller because of a technical deficiency. The dismissal was in no way indicative of Stoller's innocence.

Even if this Court were to find that Stoller's inquiry into the applicable law was reasonable, his allegations against the Moving Defendants lack any factual foundation. Stoller has accused 50 defendants of a vast conspiracy to fine him $100 for the theft of a pair of gloves and a dozen shrimp. Not surprisingly, Stoller's complaint offers no evidence to support his implausible allegations. Bare claims of constitutional violations and conspiracies are simply too vague to answer; and even a *pro se* plaintiff has an obligation to offer some support for his contentions.

The Moving Defendants were not present at the Costco Wholesale Store at or near the time Stoller received an ordinance citation for retail theft, and the Moving Defendants had no contact with Christine Carlson at or near the time she observed Stoller stealing shrimp and a pair of gloves. Stoller fails to plead any facts to show that Christine Carlson relied on anything other than her own observations to conclude that Stoller had committed retail theft. Carlson's testimony at the administrative hearing was entirely consistent with the version of events she described in the Costo Wholesale Loss Prevention Report, which she prepared the same day as the occurrence. (Dkt. No. 71-73.) While Stoller's attorney pointed out that the allegedly stolen gloves were not recovered (a fact Carlson acknowledged in her loss prevention report), there was no evidence presented at the administrative hearing to suggest Carlson's testimony was in any way altered, fabricated or otherwise untruthful. Likewise, there is no evidence that the Moving Defendants: (1) were present at the Costco Wholesale Store on November 19, 2016, (2)

counseled Christine Carlson to make up a story to "arrest" Stoller on or about November 19, 2019, (3) conspired with anyone from the Village of Melrose Park and/or the Melrose Park Police Department to "arrest" Stoller, (4) conspired with the attorney representing the Village of Melrose Park, Lisa T. Damico, to coach Christine Carlson to perjure herself. (See Group Exhibit A.)

Stoller clearly pulled the Moving Defendants' names from the law firm's website, and Stoller has not pled any facts to raise even an inference that they were in any way connected to the events of November 19, 2016 or the decision to issue a citation for retail theft. This is not mere inadvertence. Stoller has sued dozens of individuals who likely never heard of him prior to this lawsuit and who clearly have no involvement in any of his claims. Litigation is not a game, nor is it an opportunity for self-promotion. (See Stoller's blog entry of January 9, 2019, at www.rentalmark.net, attached hereto as Exhibit B.) Rule 11 allows a court to impose sanctions on a party who has presented a pleading to the court without evidentiary support or for any improper purpose. See Fed. R. Civ. P. Rule 11 (b). The purpose of Rule 11 sanctions is to reduce frivolous claims, and a plaintiff owes a duty to the legal system to avoid clogging the courts with paper that wastes judicial time. *Mars Steel Corp. v. Continental Bank, N.A.*, 880 F.2d 928, 932 (7th Cir. 1989). Courts have consistently recognized monetary sanctions as appropriate under Rule 11. *Pfeifer*, 117 F.R.D. at 423.

In view of Stoller's egregious conduct in filing a patently frivolous complaint, awarding sanctions and requiring Stoller to pay the attorney's fees incurred in defending against his complaint is more than reasonable. Such a sanction will not only compensate the Moving Defendants for their legal fees and expenses in defending this litigation, but will also deter Stoller from bringing such baseless litigation and abusing judicial resources.

IV.     CONCLUSION

Based on the foregoing, Defendants Jeffrey H. Lipe, Raymond Lyons, Jr., Edward J. Murphy, and Thomas J. Pontikis respectfully request that this Court enter an Order of Sanctions against Plaintiff Christopher Stoller: (1) granting Defendants their reasonable attorney's fees and costs incurred in responding to this frivolous pleading, (2) dismissing with prejudice (without leave to amend) the claims against these Defendants, and (3) allowing the Defendants to submit supplemental declaration and evidence as to all attorney's fees, costs and expenses incurred in the defense of this action, including the costs and fees incurred in bringing this Rule 11 Motion, (4) assessing an additional fine if this Court deems an additional fine is reasonable under the circumstances, and (4) granting any additional relief this Court deems appropriate.

        Respectfully submitted,

        CRAY HUBER HORSTMAN HEIL &
        VanAUSDAL, LLC

        By: /s/ Daniel K. Cray
            Daniel K. Cray
        *Attorney for Jeffrey H. Lipe, Raymond Lyons, Jr.,*
        *Edward J. Murphy, and Thomas J. Pontikis*

Daniel K Cray (#6180832)
Jordan K. Cray (#6326777)
Cray Huber Horstman Heil
 & VanAusdal LLC
303 W. Madison Street, Suite 2200
Chicago, IL  60606
(312) 332-8450
(312) 332-8451 (fax)
dkc@crayhuber.com
jkc@crayhuber.com

## RULE 11(c)(2) CERTIFICATE

Pursuant to 11(c)(2), I certify that on the 8th day of April, 2019, I served by email and first class mail, postage prepaid, upon Defendant Christopher Stoller, a copy of the foregoing Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, together with a letter stating as follows:

> Pursuant to Fed. R. Civ. P. 11(c)(2), attached is a service copy of Jeffrey H. Lipe, Raymond Lyons Jr., Edward J. Murphy and Thomas J. Pontikis' Motion for Sanctions against Christopher Stoller Pursuant to Rule 11, which we are providing to you. We demand that you dismiss your claims against these defendants within 21 days of the receipt of this letter. If you refuse to dismiss all claims against these defendants within 21 days of receipt of this letter, we will be forced to file the attached Motion for Sanctions with the Court.

          CRAY HUBER HORSTMAN HEIL
          & Van AUSDAL LLC


          /s/ Jordan K. Cray
            Jordan K. Cray