# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER STOLLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 19-cv-140 |
| COSTCO WHOLESALE CORPORATION, et al., | ) ) | Judge Dow, Jr. |
| Defendants. | ) ) | |

**DEFENDANTS BRADLEY C. NAHRSTADT AND LIPE LYONS MURPHY NAHRSTADT & PONTIKIS, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants Bradley C. Nahrstadt and Lipe Lyons Murphy Nahrstadt & Pontikis, Ltd. ("Lipe Lyons") submit this Memorandum of Law in support of their contemporaneously-filed Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Statement of Material Facts under Local Rule 56.1.

## INTRODUCTION

A Melrose Park police officer issued Plaintiff Christopher Stoller a citation for retail theft after the store security manager at a Costco Wholesale Store observed Stoller eating shrimp out of a $12 pre-made deli shrimp platter and stealing a pair of gloves. Stoller did not have to pay the $100 fine set forth in the citation because the police officer who issued the citation inadvertently cited to the wrong municipal code provision. According to the administrative hearing officer at Stoller's citation hearing, "as far as the evidence that I have heard thus far, I believe there is sufficient evidence to support the violation. However due to the defect in the complaint, I am going to dismiss the complaint." Having avoided liability due to a technical defect in the citation, Plaintiff continues to test his good fortune. After this Court gave Stoller an

1

opportunity to amend his complaint, Stoller has elected to double down; and his 74-page first amended complaint repeats the same baseless allegations and additionally "charges" Bradley C. Nahrstadt with perjury. For the following reasons, this Court should grant summary judgment in favor of Bradley C. Nahrstadt and his employer, Lipe Lyons Murphy Nahrstadt & Pontikis, Ltd. ("Lipe Lyons") and dismiss with prejudice Stoller's claims against these defendants.

## STANDARD OF REVIEW

Under Rule 56(a), summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(a)). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

The plaintiff bears the burden of establishing that he or she has sued the correct defendant. *Binder v. Squibb*, 184 F. Supp. 2d 762, 768 (N.D. Ill. 2001) (Denlow, J.) If a defendant's motion for summary judgment arguing that it is not a proper defendant is supported by reference to undisputed facts in affidavits or other parts of the record, then the burden shifts to the plaintiff to properly contest those facts. *Dallas v. Don Cunningham & Associates*, 1991 WL 278312 at *4 (N.D. Ill. 1991) (Kokoras, C.)

**ARGUMENT**

I.   **Background.**

Stoller has sued approximately 50 defendants (including 10 John Does) claiming they all violated his rights in the following ways: "(a) Violation of 42 U.S.C. 1983; arrest, (b) Violation of 42 U.S.C. 1983: detention and confinement, (c) Violation of 42 U.S.C. 1983: strip search, (d) Violation of 42 U.S.C. 1983: conspiracy, (e) Violation of 42 U.S.C. 1983: refusing or neglecting to prevent, (f) Malicious prosecution, (g) Malicious abuse of process, (h) Violation of the Ill. Civil Rights Act, (i) False Arrest and imprisonment, (j) Battery, (k) Conspiracy, (l) Intentional infliction of emotional distress, (m) subornation of perjury and (n) perjury." (Defendants' Statement of Material Facts (hereafter "Defs' Facts"), ¶ 12.) The named defendants, sued in their individual capacities, include the mayor, village clerk and entire village council of the Village of Melrose Park, and 19 employees of Costco Wholesale Corporation including Costco's chairman of the board, and its president and chief executive officer.

According to Stoller's complaint, Bradley C. Nahrstadt was a "co-conspirator, conspiring with the Defendants, aiding and abetting the Defendants to maliciously prosecute Christopher Stoller." (Defs'Facts, ¶ 13)  While it is difficult to discern from the complaint the counts that are brought against Nahrstadt, Stoller appears to allege:

- On or about November 19, 2018 [sic], the Nahrstadt "entered into an agreement, ratified and approved the ongoing conspiracy, in which the frivolous retail thief [sic] charge was filed against Plaintiff."  (Count V.)

- Nahrstadt "played an active part in the initiation of "the phony theft charges and/or the prosecution of same, resulting in the unlawful arrest, excess force, false imprisonment and trial of Plaintiff."  (Count VII.)

3

- In Counts VIII and XV Stoller seeks damages of 1 million dollars from each and every named defendant for intentional infliction of emotional distress.

- All the individual defendants, presumably including Nahrstadt, "each acted in concert with one or more co-conspirators, reached an agreement to deprive Plaintiff Christopher Stoller of his constitutional rights." (Count XII.)

- Nahrstadt failed to intervene to prevent the violation of the Plaintiff's constitutional rights (Count XIV.)

- Christine Carlson's loss prevention report and the ticket for retail theft are both defamatory and therefore all defendants are therefore guilty of *per se* defamation. (Count XVI.)

- Nahrstadt knowingly and willingly committed perjury by stating under oath, [b]ecause I have represented Costco Wholesale Corporation's interests in other matters, I was requested by Costco Wholesale Corporation to monitor the administrative hearing on Stoller's compliance violation citation, which took place on November 21, 2017. I had no active role or involvement in that administrative hearing." (Count XVII.)

(Defs' Facts, ¶ 18.)

Stoller again alleges that Nahrstadt conspired with the other defendants to maliciously prosecute him. (Defs' Facts, ¶ 13.) There is no evidence that Nahrstadt was present at the Costco Wholesale Store when Stoller was ticketed for retail theft or that he was in any manner involved in the decision to issue a citation to Stoller. (Defs' Facts, ¶¶ 19, 20.) Stoller also pleads for the first time that Nahrstadt perjured himself by stating under oath that he had no active involvement in Stoller's administrative hearing. (Defs' Facts, ¶ 14.) While, Nahrstadt

4

monitored the administrative hearing on Stoller's ticket on behalf of Costco Wholesale Corporation ("Costco"), Stoller has failed to demonstrate that Nahrstadt participated in the administrative hearing. (Defs' Facts, ¶¶ 20, 21, 23, 24, 25.) Moreover, Stoller's perjury and subornation of perjury claims fail as matter of law as both Illinois and federal law bar civil claims of perjury and subornation of perjury. *Liddell v. Smith*, 345 F.2d 491, 495 (1965).

Additionally, Stoller has failed to establish any valid claim that he was subjected to a malicious prosecution. The citation hearing was not resolved in a manner indicative of Stoller's innocence. The hearing office dismissed the complaint solely because the ticket cited the wrong municipal code provision. (Defs' Facts, ¶ 8.) Moreover, it is undisputed that Stoller's alleged "false arrest" occurred on September 19, 2016. Stoller filed his complaint on January 8, 2019, beyond the applicable two-year statute of limitations, and both his state law personal injury claims and his section 1983 claims are untimely and must be dismissed.

**II.      Plaintiff's Conclusory Allegations Against Bradley C. Nahrstadt and Lipe Lyons Lack Any Evidentiary Support.**

Stoller pleads that Nahrstadt perjured himself by falsely stating under oath in a declaration filed in support of his Rule 11 Motion for Sanctions against Stoller, "[b]ecause I have represented Costco Wholesale Corporation's interests in other matters, I was requested by Costco Wholesale Corporation to monitor the administrative hearing on Stoller's compliance violation citation, which took place on November 21, 2017. I had no active role or involvement in that administrative hearing." (Defs' Facts, ¶ 14.) Stoller first interprets the term "active involvement in the administrative hearing" so expansively as to include any communications Nahrstadt may have had with Costco prior to the administrative hearing. Stoller then accuses Nahrstadt of perjury under Stoller's own broad and self-serving definition of "active involvement." Nahrstadt does not dispute that he was retained by Costco to monitor the

5

administrative hearing, but Costco was not the entity prosecuting Stoller's ticket for retail theft. There is no evidence that Nahrstadt either represented the Village of Melrose Park or appeared on behalf of the Village of Melrose Park. (Defs' Facts, ¶ 24.) As the transcript of the administrative hearing makes clear, Nahrstadt had no active involvement in the administrative hearing on November 21, 2017, as he did not participate in the administrative hearing. (Defs' Facts, ¶¶ 3, 6.)

Stoller claims in his amended pleading that he overheard Nahrstadt "coaching" Christine Carlson to perjure herself immediately prior to the hearing. (Defs' Facts, ¶ 15.) Stoller may remember the events of November 19, 2016 differently, but it remains undisputed that Carlson's testimony was entirely consistent with: (1) her written description of Stoller's activities in the Costco Wholesale Loss Prevention Report, which she prepared on November 19, 2016, the same day Stoller was issued the ticket for retail theft for purloined shrimp and a pair of gloves (Defs' Facts, ¶ 7), and (2) the description of events she reported to the Village of Melrose Park Police Department on November 19, 2016. (Defs' Facts, ¶ 2.) According to the police report, "[o]ffender Stoller opened and [sic] a shrimp cocktail container, ate several shrimp inside totaling $11.99 then took a pair of gloves, placed them in his pocket totaling $24.99 and passed the last point of purchase without paying for said items." (Defs' Facts, ¶ 2.) Stoller also alleges that Nahrstadt coached Carlson to testify that "with advice of counsel" she was told to disregard certain subpoenas Stoller issued." (Defs' Facts, ¶ 4.) The hearing officer examined the subpoenas and ruled that they were facially defective. (Defs' Facts, ¶ 5.)

Moreover, this Court need not address the merits of Stoller's private "charges" of perjury and subornation of perjury because these new counts fail to state causes of action. Stoller alleges that Nahrstadt committed perjury under 18 USCA § 1621. However, 18 USCA § 1621 is a

6

criminal statute that provides no civil remedy. Under both Federal and Illinois law, there is no civil cause of action to recover damages caused by perjury or subornation of perjury, "whether committed in the course of, or in connection with, a civil action or suit, a criminal prosecution, or other proceeding and whether the perjurer was a party to or a witness in the action or proceeding." *Liddell v. Smith*, 345 F.2d 491, 494 (7th Cir. 1965). Stoller's perjury and subornation of perjury counts fail as a matter of law and this Court should dismiss with prejudice Counts XVII and Count XVIII.

Stoller's latest allegations notwithstanding, the facts demonstrate that Nahrstadt was not present at the Costco Wholesale Store when Stoller received an ordinance citation for retail theft. (Defs' Facts, ¶ 19.) Nahrstadt had no contact with Christine Carlson at or near the time she observed Stoller stealing shrimp and a pair of gloves, and he had no involvement in Carlson's preparation of the Costco Wholesale Loss Prevention Report. (*Id.,* ¶ 19.) Stoller fails to plead any facts to show that Christine Carlson relied on anything other than her own observations to conclude that Stoller had committed retail theft. Although Stoller's attorney pointed out at the administrative hearing that the allegedly stolen gloves were not recovered (*Id.*, ¶ 20) (a fact Carlson acknowledged in her loss prevention report (*Id.*, ¶ 7), there was no evidence presented at the administrative hearing to suggest Carlson's testimony was in any way altered, fabricated or otherwise untruthful. To the contrary, the administrative hearing officer stated that he had heard credible evidence to support the complaint against Stoller. (*Id.*, ¶ 9.)

Despite being given two opportunities to do so, Stoller has failed to plead any facts to raise even an inference that Nahrstadt played any role in either the events of November 19, 2016 or the decision to issue Stoller a ticket for retail theft. There is no evidence that Nahrstadt participated in the administrative hearing on November 21, 2017 or that he conspired with

7

anyone to maliciously prosecute Stoller's ticket for retail theft. This Court should grant summary judgment in favor of Bradley C. Nahrstadt and Lipe Lyons Murphy Nahrstadt & Pontikis, Ltd. and against Christopher Stoller and dismiss with prejudice all claims against these defendants.

**III.     Stoller's claim Fails to State a Valid Cause of Action for Malicious Prosecution.**

Even if Stoller could somehow present evidence sufficient to create an issue of fact as to the extent of Nahrstadt's participation in the administrative hearing, these defendants would still be entitled to summary judgment as Stoller has failed to plead that he was maliciously prosecuted, and his claims for injuries arising out of his false "arrest" on November 19, 2016 are time barred.

In order to succeed on a malicious prosecution claim, the plaintiff must establish: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant, (2) the termination of the proceeding in favor of the plaintiff, (3) the absence of probable cause for such proceeding, (4) the presence of malice, and (5) damages resulting to the plaintiff. *Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996). A plaintiff must establish each of these elements. *Logan v. Caterpillar, Inc.,* 246 F.3d 912, 922 (7th Cir. 2001.)

Nahrstadt and his law firm are entitled to summary judgment because Stoller cannot establish that Nahrstadt either initiated or prosecuted Stoller's citation. (Defs' Facts, ¶¶ 31-37.) Moreover, mere termination of the proceeding is not sufficient to satisfy the second element of a malicious prosecution claim; the termination of the case must be indicative of the plaintiff's innocence. *Doblecki v. Palacios*, 829 F. Supp. 229, 235 (N.D. Ill. 1993) (Hart, W.) "Where the case is disposed of in a manner that leaves the question of the accused's innocence unresolved, there generally can be no malicious prosecution claim by the accused." *Doblecki*, 829 F. Supp.

at 235 (citations omitted.) A favorable termination may be found "where the legal disposition gives rise to an inference of lack of probable cause." *El Ranchito, Inc. v. City of Harvey*, 207 F. Supp. 2d 814, 822 (N.D. Ill. 2002) (Bucklo, E.); *Cult Awareness Network v. Church of Scientology Int'l*, 177 Ill.2d 267, 278 (1997). The circumstances surrounding the abandonment of the proceedings must compel a positive inference of innocence. *El Ranchito, Inc.*, 207 F. Supp. 2d at 822.

In this case, the hearing officer expressly stated that the evidence presented was sufficient to support the violation against Stoller. (Defs' Facts, ¶ 9.) The hearing officer dismissed the citation because the police officer who issued the citation had inadvertently referenced the wrong municipal code provision. (Defs' Facts, ¶ 9.) Clearly, the dismissal was neither indicative of Stoller's innocence nor based on the evidence. As the dismissal of the complaint against Stoller was due solely to a technical violation, Stoller's claim for malicious prosecution necessarily fails as a matter of law. This Court should grant summary judgment in favor of Nahrstadt and the Lipe Lyons Defendants and against Stoller.

**IV.   Stoller's Federal and State Law Claims Arising Out of His Alleged False Arrest Are Time-Barred.**

A court may dismiss a claim as time-barred if the complaint sets forth the necessary information to show that the statute of limitations has expired. *Davenport v. Dovgin*, 545 Fed. Appx. 535, 538-39 (7th Cir. 2013.) In Illinois, the statute of limitations for a claim premised on defamation is one year (735 ILCS 5/13-201; *Andersen v. Village of Glenview*, 2018 WL 6192171 * 13 (N.D. Ill.), and the statute of limitations for or personal injury actions is two years. 735 ILCS 5/13-202. The Illinois two-year statute of limitations also applies to federal civil rights claims arising in Illinois. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). Federal

courts also apply the state-imposed limitations period to any pendant state law claims. *Long v. Williams*, 155 F. Supp. 2d 938, 943 (N.D. Ill. 2001) (Castillo, J.)

The statute of limitations in a Section 1983 false arrest claim accrues on the day of the arrest. *Wallace v. City of Chicago*, 440 F.3d 421, 425 (7th Cir. 2006.) Likewise, claims for excessive force and unlawful search and seizure accrue immediately at the time of the arrest and search. *Mihelic v. Will County, Ill.*, 826 F. Supp. 2d, 1104, 1111 (N.D. Ill. 2011). Claims for intentional infliction of emotional distress stemming from an arrest or prosecution also accrue on the date of the arrest. *Grayson v. City of Aurora*, 157 F. Supp. 3d 725, 747 (N.D. Ill. 2016) (Kendall, J.).

Stoller was issued a citation for retail theft on November 19, 2016 (Defs' Facts, ¶ 1), but he did not file his complaint until January 8, 2019. (Dkt. No. 1.) His federal and state law claims arising from the events surrounding "arrest" on November 19, 2016 are time-barred and must be dismissed.

## CONCLUSION

There are no genuine issues of fact material as to Christopher Stoller's claims against the Bradley C. Nahrstadt. Stoller cannot carry his burden of proof to demonstrate that Nahrstadt was actively involved in either the decision to issue Stoller a citation for retail theft or in the prosecution of that citation. Moreover, Stoller cannot maintain a civil action for perjury, and his claim for malicious prosecution likewise fails because Stoller cannot show that the citation hearing for retail theft ended in a manner that in any way indicated his innocence. Finally, Stoller's federal and state law claims stemming from the events on November 19, 2016 are time-barred as Stoller filed his lawsuit outside the applicable two-year statute of limitations.

Based on the foregoing, Defendants Bradley C. Nahrstadt and Lipe Lyons Murphy Nahrstadt & Pontikis, Ltd., respectfully request that this Court enter an Order granting summary judgment in favor of Bradley C. Nahrstadt and Lipe Lyons Murphy Nahrstadt & Pontikis, Ltd. and against plaintiff Christopher Stoller, dismiss with prejudice plaintiff's claims against these defendants, award these defendants their costs in this matter and grant such other relief as this Court deems appropriate.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL &
VanAUSDAL, LLC

By: /s/ Daniel K. Cray
  Daniel K. Cray
  *Attorney for Bradley C. Nahrstadt, Lipe Lyons Murphy Nahrstadt & Pontikis, Ltd.*

Daniel K Cray (#6180832)
Jordan K. Cray (#6326777)
Cray Huber Horstman Heil
 & VanAusdal LLC
303 W. Madison Street, Suite 2200
Chicago, IL 60606
(312) 332-8450
(312) 332-8451 (fax)
dkc@crayhuber.com
jkc@crayhuber.com