43770070L9

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHRISTOPHER STOLLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-cv-140 |
| | ) | |
| COSTCO WHOLESALE CORPORATION, et al., | ) | Judge Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS LIPE LYONS MURPHY NAHRSTADT & PONTIKIS, LTD, JEFFREY H. LIPE, RAYMOND LYONS, JR., EDWARD J. MURPHY, BRADLEY C. NAHRSTADT AND THOMAS J. PONTIKIS'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE MOTION FOR SUMMARY JUDGMENT**

Defendants Lipe Lyons Murphy Nahrstadt & Pontikis, Ltd., Jeffrey H. Lipe, Raymond Lyons, Jr., Edward J. Murphy, Bradley C. Nahrstadt and Thomas J. Pontikis submit this Response to Plaintiff's "Motion to Strike Lipe Lyons Murphy Nahrstadt & Pontikis Motion for Summary Judgment."

## INTRODUCTION

Plaintiff moves to strike these defendants' motions for summary judgment "because they were drafted by attorney Daniel Gray [sic] and Gordon [sic] Gray [sic], who are defendants in this case and are witnesses as witness [sic]." (See Plaintiff's Motion to Strike, Dkt. No. 95). Plaintiff asks this court to "strike all pleadings filed by Daniel Gray [sic] and Gordon [sic] Gray [sic]."

## ARGUMENT

Plaintiff's strategy throughout this litigation has been to harass his party opponents and to avoid addressing the deficiencies in his pleadings. Within a span of less than three months,

1

Plaintiff has filed 10 motions against these defendants and their attorneys. (Dkt. Nos. 40, 44, 56, 58, 60, 64, 67, 95, 97, 98, 101.) Plaintiff has repeatedly sought to disqualify these defendants' chosen attorneys. However, not one of Plaintiff's motions has set forth any issue of material fact to defeat these defendants' motions for summary judgment.

Plaintiff has devoted considerable time to attacking these defendants for certain statements in their declarations. Plaintiff claims that Jeffrey H. Lipe, Raymond Lyons Jr., Edward J. Murphy and Thomas J. Pontikis all perjured themselves by stating under oath in their declarations that they did not personally perform any legal services regarding any other matter concerning Christopher Stoller. Plaintiff has not offered any evidence to show these defendants were not being truthful. While the Lipe Lyons law firm represented a defendant in one of Plaintiff's prior lawsuits, there is no evidence that these defendants had any personal involvement in that litigation. Plaintiff's file folder for the previous litigation, which Plaintiff attached as an exhibit to his Cross Motion for Sanctions (Dkt. 67, pp.17-230), shows that Bradley Nahrstadt represented the defendant and filed papers on the defendant's behalf in that litigation, but there is no evidence that the other Lipe Lyons partners were in any way involved in the prior lawsuit.

Moreover, even assuming for the sake of argument that one of these defendants had, for example, reviewed a pleading in that earlier litigation, that fact would be immaterial and have no bearing on the present matter. Tellingly, Plaintiff does not dispute any issue of fact material to his claims; he instead attacks these party opponents on issues unrelated to the merits of his complaint.

Plaintiff's "charges" of perjury against Bradley C. Nahrstadt fare no better. Plaintiff alleges Nahrstadt lied when stating under oath that although he monitored the hearing on behalf

of his client, Costco, he did not actively participate in that hearing. However, the hearing transcript Plaintiff attached as an exhibit to his amended complaint unambiguously demonstrates that Nahrstadt did not actively participate in the administrative hearing. (Dkt. No. 55, pp.107-190.) Plaintiff clearly misconstrues the term "active role or involvement in that administrative hearing" and then claims perjury. Through this tactic, Plaintiff attempts to focus this Court's attention away from material facts to matters that are immaterial to his claims because he cannot offer evidence to support his claims. His general denials and accusations are insufficient to create a genuine issue of fact to defeat summary judgment.

Moreover, Plaintiff cannot unilaterally disqualify these defendants' attorneys simply by adding their names to the list of defendants in his amended complaint. Generally, only a current or former client has standing to seek disqualification of an attorney based on a conflict of interest. *DT Boring v. The Chicago Public Building Commission*, 2016 WL 3580756 (N.D. Ill. 2016). "The majority position draws its strength from the logic of the Rule itself, which is designed to protect the interests of those harmed by conflicting representations rather than serve as a weapon in the arsenal of a party opponent. " *DT Boring*, 2016 WL 3580756 at *2 (citations omitted). Rule of Professional Conduct 3.7(a) provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness. Because the instant action has yet to advance beyond the pleading stage, and because Rue 3.7 speaks of disqualification only at trial, Plaintiff's motion is premature. *DT. Boring v. The Chicago Public Building Commission*, 2016 WL 3580756 at *5 (N.D. Ill. 2016).

Plaintiff's strategy thus far has been to launch a series of offensive strikes against his party opponents. Plaintiff has been much weaker on defense. Plaintiff has yet to address the merits of the motions attacking his pleadings. Tellingly, Plaintiff has yet to offer any material

facts that would defeat summary judgment or any defense of his decision to file two frivolous lawsuits naming as defendants parties who had no connection whatsoever to the events of November 19, 2016, or the decision to issue Plaintiff a ticket for retail theft.

This Court should deny Plaintiff's motion to strike the motions for summary judgment and instead rule on the merits of those motions as well the multiple motions to dismiss, which have been filed on behalf of other defendants in this matter. These defendants also ask that this Court grant their pending motions for Rule 11 sanctions upon the resolution of this matter.

## CONCLUSION

For the foregoing reasons this Court should deny Plaintiff's motion to strike these defendants' motions for summary judgment and should instead rule on the merits of the motions for summary judgment.

>	Respectfully submitted,
>
>	CRAY HUBER HORSTMAN HEIL &
>	VanAUSDAL, LLC
>
>
>	By: /s/ Daniel K. Cray
>	    Daniel K. Cray
>	    *Attorney for Lipe Lyons Murphy Nahrstadt
>	    & Ponikis, Ltd.  Jeffrey H. Lipe, Raymond
>	    Lyons, Jr., Edward J. Murphy, Bradley
>	    C. Nahrstadt and Thomas J. Pontikis*

Daniel K Cray (#6180832)
Jordan K. Cray (#6326777)
Cray Huber Horstman Heil
 & VanAusdal LLC
303 W. Madison Street, Suite 2200
Chicago, IL  60606
(312) 332-8450
(312) 332-8451 (fax)
dkc@crayhuber.com
jkc@crayhuber.com

4