43770070L9

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHRISTOPHER STOLLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-cv-140 |
| | ) | |
| COSTCO WHOLESALE CORPORATION, et al., | ) | Judge Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS LIPE LYONS MURPHY NAHRSTADT & PONTIKIS, LTD., JEFFREY H. LIPE, RAYMOND LYONS, JR., EDWARD J. MURPHY, BRADLEY C. NAHRSTADT AND THOMAS J. PONTIKIS'S RESPONSE IN OBJECTION TO PLAINTIFF'S MOTION FOR SUBSTITUTION UNDER FRCP 25(c)**

Defendants Lipe Lyons Murphy Nahrstadt & Pontikis, Ltd., Jeffrey H. Lipe, Raymond Lyons, Jr., Edward J. Murphy, Bradley C. Nahrstadt and Thomas J. Pontikis (hereafter collectively referred to as the "Lipe Lyons Defendants") submit this Response in Objection to Plaintiff's Rule 25(c) Motion for Substitution.

**INTRODUCTION**

On October 30, 2019, Christopher Stoller filed "Plaintiff's Rule 25(c) Motion for Substitution" (Dkt. No. 130), a copy of which is attached as Exhibit A. Leo Stoller seeks to take over this litigation on his brother Christopher Stoller's behalf. As a preliminary matter, Leo Stoller is listed on the Northern District Court's Restricted Filer's List, and he is not permitted to participate in cases in the Northern District without prior authorization from the Executive Committee. Moreover, the Rule 25(c) Motion is deeply flawed:

1

## ARGUMENT

1. Federal Rule of Civil Procedure 25(b) allows for substitution by a party representative in the event of incapacity consistent with FRCP Rule 17. There is no evidence within Christopher Stoller's motion for substitution that Leo Stoller is Christopher Stoller's legal guardian or representative.

2. Instead, Christopher Stoller filed this motion under FRCP Rule 25(c), which allows for substitution of parties as a result of a transfer in interest. Leo Stoller claims in an attached declaration that he has a substantial legal interest in the subject matter of the action because Christopher Stoller has assigned his causes of action against all defendants to Leo Stoller.

3. Torts for personal injuries and actions for other wrongs of a personal nature are not assignable. *Eclipse Manufacturing Co. v. M and M Rental Center, Inc.*, 521 F. Supp.2d 739, 742-43 (N.D. Ill. 2007) citing *Claudy v. Commonwealth Edison Co.*, 169 Ill.2d 39, 47 (1995) (holding that torts to property and contract actions are generally assignable, but personal injury actions are not.)

4. Further, the "Assignment of Causes of Action Assignment of Proceeds," attached as Exhibit 1 to Christopher Stoller's motion is signed by Leo Stoller but not by Christopher Stoller.

5. Moreover, if Christopher Stoller lacks competence to litigate his claims, as Leo Stoller now claims, it may be assumed that Christopher Stoller must likewise be incompetent to effectively assign his claims to another.

6. The caregiver reports and letters attached as Exhibits 1a and 1b to Christopher Stoller's motion all predate the filing of Christopher Stoller's complaint on January 8, 2019. The

caregiver reports also predate Christopher Stoller's appearance before this Court on May 2, 2019, where Christopher Stoller advised the Court that although he had retained counsel Phillip Kiss (See Dkt. No. 6) to act in an advisory capacity, Christopher Stoller would be drafting, signing and filing his own pleadings and motions.

7. Christopher Stoller also references, but has not filed, a report from a psychiatrist, Dr. Menezes. He states that he will file the report *in camera* once he receives it. However, the Stoller brothers are not seeking substitution under Rule 25(b) because Christopher Stoller has become incompetent. A missing psychiatrist report adds no support to Christopher Stoller's claim that he has transferred his personal injury claims against approximately 50 defendants to his brother, Leo Stoller.

8. Christopher Stoller's personal injury claims are not a property interest that may be transferred to another under Rule 25(c). See *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003) ("Rule 25(c) substitution implements a discretionary determination by the trial court to facilitate the conduct of the litigation, so it is a procedural vehicle not designed to create new relationships among the parties to a suit. As such, the transferee is brought into court solely because it has come to own the property in issue." (citations omitted)).

3

WHEREFORE, for the foregoing reasons, the Lipe Lyons Defendants object to substitution of Leo Stoller for his brother Christopher Stoller and move this Court to deny Plaintiff's Rule 25(c) Motion for Substitution and for any additional relief this Court deems appropriate.

        Respectfully submitted,

        CRAY HUBER HORSTMAN HEIL &
        VanAUSDAL, LLC

        By: /s/ Daniel K. Cray
            Daniel K. Cray
            *Attorney for Lipe Lyons Murphy Nahrstadt*
            *& Pontikis, Ltd. Jeffrey H. Lipe, Raymond*
            *Lyons, Jr., Edward J. Murphy, Bradley*
            *C. Nahrstadt and Thomas J. Pontikis*

Daniel K Cray (#6180832)
Jordan K. Cray (#6326777)
Cray Huber Horstman Heil
 & VanAusdal LLC
303 W. Madison Street, Suite 2200
Chicago, IL 60606
(312) 332-8450
(312) 332-8451 (fax)
dkc@crayhuber.com
jkc@crayhuber.com

4

## CERTIFICATE OF SERVICE

The undersigned certifies pursuant to Fed.R.Civ.P. 5 and L.R. 5.5, that a true and correct copy of the foregoing **Defendants Lipe Lyons Murphy Nahrstadt & Pontikis, Ltd., Jeffrey H. Lipe, Raymond Lyons, Jr., Edward J. Murphy, Bradley C. Nahrstadt and Thomas J. Pontikis' Response In Objection to Plaintiff's Motion for Substitution Under FRCP 25(c)** was filed on **November 6, 2019**, with the clerk of the court using the CM/ECF system, which will send notice to counsel of record.

By: /s/Daniel K. Cray
Daniel K. Cray